UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JULIE A. SU,<br>*Acting Secretary of Labor,*<br>*United States Department of Labor,*<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>GORDO CORPORATION, EL GORDITO,<br>PATRICIA GONZALEZ LARA, SAMEUL<br>GONZALEZ LARA,<br><br>　　　　Defendants. | Case No. 3:24-cv-01359-JPG |

## **MEMORANDUM AND ORDER**

　　This matter comes before the Court on the Government's motion for default judgment. (Doc. 13). The Government filed their motion on September 25, 2024, after the Defendants entered default. (Doc. 12). Per local rules, the defendants had until October 27, 2024, to respond. More than ninety days have passed since that date with no reply or response from any of the defendants. Being duly advised in the premises having fully considered the issues and arguments raised, the Court **GRANTS** the motion. (Doc. 13).

**I**

　　The Defendants are a restaurant and restaurant owners that employed at least eleven individuals. (Doc. 14). The United States has alleged that the Defendants; for varying periods spanning from May 22, 2021, to May 21, 2023; repeatedly violated the Fair Labor Standards Act of 1938 (hereinafter "FLSA") by, *inter alia*, failing to pay minimum wage, failing to pay overtime, and failing to keep accurate records. In total, the Government seeks default judgment in their favor in the amount of $746,572.00—$373,286.25 in back wages and an additional

$373,286.25 in liquidated damages. Additionally, pursuant to § 217 of the FLSA, the Government asks the Court to permanently enjoin the Defendants from violating §§ 206, 207, 211, 215(a)(2), and 215(a)(5) of the FLSA, as amended (28 U.S.C. § 201 *et seq*.).

Similar to motions for summary judgment, when the nonmoving party fails to respond to a motion for default judgment, the Court assumes all reasonable facts alleged by the moving party as true. FED. R. CIV. P. 8(b)(6); *e.g.*, *United States v. Di Mucci*, 879 F.2d 1488, 1497 (7th Cir. 1989).

Here, the defendants were properly served on July 8, 2024; yet, they have failed to respond or reply. The Court finds as reasonable, and therefore accepts, the factual allegations made in the motion and memorandum in support for default judgment. (Docs. 13, 14). Consequently, the Court finds that the Defendants are liable for the alleged violations of the FLSA.

Though courts accept reasonable factual allegations as true when a nonmoving party fails to respond to a motion for default judgment, the moving party must still show they are entitled to the damages they seek. *Yang v. Hardin*, 37 F.3d 282, 286 (7th Cir. 1983). While courts may hold hearings to investigate the validity of the damage calculations, documentary evidence alone can be sufficient to establish damages. *Dundee Cement Co. v. Howard Pipe Concrete Prod.*, 722 F.2d 1319, 1323 (7th Cir. 1983).

Here, attached to the memorandum in support of the motion is a signed declaration by a wage investigator from the Department of Labor. (Doc. 14, Ex. A). In that declaration, the wage investigator lays out a detailed methodology and provides precise formulae for calculating the damages. Additionally, under the FLSA, liquidated damages are equal to the total compensation owed to the employees. 29 U.S.C. § 216(b). Upon review of this methodology and the

calculations, the Court finds that the Government has satisfied its burden of establishing total damages.

Moreover, given the violations alleged were pervasive and took place consistently over a two-year period, the Court finds that it is reasonably probable that the defendants will engage in these violations of the FLSA again, necessitating a permanent injunction.

**Conclusion**

Finding that the factual allegations in the unopposed motion for default judgment are reasonable, the Court accepts those facts as true and, consequently, concludes that the Plaintiff is entitled to default judgment against the Defendants. Additionally, The Court also finds that the Plaintiff has sufficiently established damages in the amount of $746,572.00. Accordingly, the Court **GRANTS** the motion for default judgment, (Doc. 13), and **DIRECTS** the Clerk of Court to enter judgment accordingly.

Based on the facts alleged, which the Court finds reasonable and accepts as true, the Court finds it is reasonably probable that the defendants will engage in this behavior and that a permanent injunction is required to prevent the Defendants from violating the FLSA again. Accordingly, an injunctive order will be issued in conformity with this order.

**II**

Having granted default judgment in favor of the Plaintiff and against the Defendants, pursuant to § 16(c) of the FLSA, the Court additionally orders the following:

1. The Defendants shall pay to Plaintiff the sum of $373,286.25, which represents the minimum wage and overtime compensation hereby found to be due to the former

       employees named in Exhibit C of the Government's memorandum for default judgment. (Doc. 14, Ex. C).

2. The Defendants shall further pay to Plaintiff as liquidated damages the additional sum of $373,286.25 hereby found to be due to the former employees named in Exhibit C of the Government's memorandum for default judgment. (Doc. 14, Ex. C).

3. The unpaid compensation and liquidated damages referred to herein cover the former employees identified and for the time periods respectively indicated in Exhibit B of the Government's memorandum for default judgment. (Doc. 14, Ex. B). This compensation and liquidated damages are the joint and several obligations of Defendants Gordo Corporation, Patricia Gonzalez Lara, and Samuel Gonzalez Lara.

4. Any monies not disbursed by the Department of Labor after three years from the date of payment by Defendants, because of the inability to locate the proper persons or because of their refusal to accept payment, shall be deposited into the Treasury of the United States as miscellaneous receipts, pursuant to § 16(c) of the FLSA.

5. The provisions of this Order shall not in any way affect any legal right of any individual not named in Exhibit C of the Government's memorandum for default judgment, (Doc. 14, Ex. C), nor shall the provisions in any way affect any legal right of any individual named in Exhibit C, (*Id.*), to file any action against Defendants for any violations alleged to have occurred outside the relevant periods as identified for each worker in Exhibit C. (*Id.*)

**IT IS SO ORDERED.**
**DATED:  February 4, 2025**

                                              *s/ J. Phil Gilbert*
                                              **J. PHIL GILBERT**
                                              **DISTRICT JUDGE**